IN THE NITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| ANTHONY MCCARROLL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-0709-CG-M |
| | ) |
| SOMERBY OF MOBILE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Somerby's motion for summary judgment (Doc. 32), McCarroll's motion for summary judgment (Doc. 36), Somerby's motions to strike (Docs. 39, 46), and McCarroll's motion to amend his complaint (Doc. 40). These motions have all been fully briefed and are ripe for decision.

## I. BACKGROUND

Plaintiff Anthony McCarroll used to have a job working as a driver for Defendant Somerby of Mobile, LLC, a senior-living community. But McCarroll's employment came to an end after he missed work twice without giving proper notice that he would be absent.

The first incident happened on November 29, 2011, when McCarroll called in twenty minutes before his shift was scheduled to begin, stating that he was "too sore to work." (Doc. 33 at 6.) According to Somerby's attendance policy, McCarroll was supposed to have called his supervisor to report his

absence at least four hours before his shift was set to begin. The next day, McCarroll's supervisor "warned him about his failure to properly report his absence." (Doc. 33 at 6.)

The second incident happened on December 10, 2011, when McCarroll was scheduled to work from 6:15 p.m. to 11:00 p.m. That afternoon, McCarroll went to Somerby at around 3:30 to tell his supervisor that he would not come to work that night. But instead of speaking directly to his supervisor as Somerby's attendance policy required him to do, McCarroll left a message with the concierge on duty.

McCarroll's supervisor reported McCarroll's attendance-policy violations to Linda Best, Somerby's assistant executive director. On the morning of December 12, Best met with Jane Scrivner, Somerby's executive director, to discuss McCarroll's attendance problems. Together, Best and Scrivner decided to fire McCarroll due to his violations of the attendance policy. They also decided that Best would break the news to McCarroll.

When McCarroll came in to work later that morning, Best had a discussion with him. During that discussion, two important things happened: Best fired McCarroll, and McCarroll produced a doctor's note recommending a leave of absence while a modification to the "treatment plan" for his "medical condition" took effect. (Doc. 34-3 at 46.)

That note did not change anyone's mind about firing McCarroll. According to Somerby, "[t]he termination decision was not related in any way

to any request by McCarroll for medical leave." (Doc. 33 at 7.) In fact, both Best and Scrivner claim that they had no idea that McCarroll suffered from any particular medical condition at the time they decided to fire him.

On November 15, 2012, McCarroll filed this lawsuit against Somerby, claiming a violation of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101–12213. Since then, McCarroll has amended his complaint once (Doc. 21) to add a claim under the Family Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601–2654, and he seeks leave to amend his complaint a second time to add a claim under Title VII of the Civil Rights Act (Doc. 40; Doc. 43).

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

On a motion for summary judgment, the movant bears the initial burden of proving that no genuine issue of material fact exists. *O'Ferrell v.*

*United States*, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the movant's arguments, the court must view all evidence and resolve all doubts in the light most favorable to the nonmovant. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might differ on the inferences arising from undisputed facts, then [the court] should deny summary judgment." *Hinesville Bank v. Pony Exp. Courier Corp.*, 868 F.2d 1532, 1535 (11th Cir. 1989).

### III. DISCUSSION

**A.    Somerby's Motion for Summary Judgment**

    **1.    McCarroll's ADA Claims**

Because McCarroll has not presented direct evidence of an ADA violation, the court will evaluate his ADA claims under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). *See Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000). Under that framework, McCarroll bears the initial "burden of proving a prima facie case of disability discrimination by a preponderance of the evidence." *Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1226 (11th Cir. 1999). As the following discussion will show, McCarroll cannot meet that burden on either a theory of discriminatory discharge or of failure to accommodate.

        **a.    Discriminatory Discharge**

In order to establish a prima facie case of discriminatory discharge under the ADA, McCarroll must show that (1) he is disabled within the meaning of the ADA, (2) he is a qualified individual within the meaning of the ADA, and (3) Somerby fired him because of his disability. *See Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). At this stage, Somerby concedes that McCarroll can prove the first two elements. Thus, the court need only consider whether McCarroll can establish that he was fired because of his disability.

At its simplest, Somerby's argument on this point relies on ignorance: Because neither of the Somerby decision makers who decided to fire McCarroll knew he was disabled, they couldn't have possibly fired him *because of* his disability. The Eleventh Circuit endorsed that reasoning in *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1186 (11th Cir. 2005) (["A] decision-maker who lacks actual knowledge of an employee's disability cannot fire the employee 'because of' that disability."), so the crucial question is whether McCarroll's evidence could lead a reasonable jury to believe the decision makers at Somerby had actual knowledge of his disability when they decided to fire him.

On that point, McCarroll's evidence is insufficient. The record is devoid of any evidence that suggests Scrivner ever knew McCarroll was disabled. And the only evidence of Best's knowledge is McCarroll's word that he complained to Best of back pain on February 19, 2009, his first day of work at

5

Somerby (over two and a half years before he was terminated). McCarroll has not offered any details about the substance of that conversation, however, so it is not clear that anything he said then should have put Best on notice that his back problem was a persistent disability within the meaning of the ADA rather than a one-time complaint. *See Cordoba*, 419 F.3d at 1180 (finding that a single conversation about missing work due to a doctor's appointment did not prove actual knowledge of an employee's disability). And although McCarroll did show the note from his doctor to Best, that note could not show actual knowledge at the relevant time because Best and Scrivner decided to fire him before he presented that note. *Id.* at 1180 (noting that an employee's evidence that she made a statement about her disability "before she was officially handed her termination" did not suffice as evidence of actual knowledge when it was presented after the decision maker "had already made the decision to fire" her). In short, nothing in McCarroll's evidence could lead a reasonable jury to conclude that Scrivner or Best had actual knowledge of his disability when they decided to fire him, so McCarroll cannot establish the causal element of his prima facie case of disability discrimination.

  b.  **Failure to Accommodate**

In order to establish a prima facie case for failure to accommodate his disability, McCarroll must show that (1) he has a disability, (2) he is a qualified individual within the meaning of the ADA, and (3) Somerby failed

to reasonably accommodate his disability. Only the third element is in dispute.

To prove that Somerby failed to accommodate his disability, McCarroll must first show that he made a specific demand for an accommodation. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999) (noting that an employer's "duty to provide a reasonable accommodation is not triggered unless a specific demand for an accommodation has been made"). At a minimum, such a demand must include a request for "some change or adjustment in the workplace *and* must link that request to [a] disability." *See Williamson v. Clarke Cnty. Dep't of Human* Resources, 834 F. Supp. 2d 1310, 1320 (S.D. Ala. 2011). Here, it is undisputed that McCarroll did not make any such request prior to Somerby's decision to terminate him. And any request for accommodation made after that point came too late. As discussed above, Somerby did not violate the ADA by following through with its decision to terminate McCarroll, so it follows that McCarroll's termination obviated the need for any efforts at accommodation. As a result, McCarroll cannot establish the third element of his prima facie case of failure to accommodate.

### 2. McCarroll's FMLA Claims

The FMLA creates two types of claims: (1) interference claims, in which an employer interferes with an employee's substantive rights under the FMLA, and (2) retaliation claims, in which an employer discriminates

7

against an employee who engages in activity protected by the FMLA. *Strickland v. Water Works*, 239 F.3d 1199, 1207 (11th Cir. 2001). Because it is unclear which of these theories McCarroll's FMLA claim proceeds under, the court will discuss both.

### a. Retaliation

In order to succeed on a claim of FMLA retaliation, McCarroll "must demonstrate that [Somerby] intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." *Strickland v. Water Works and Sewer Bd. of City of Birmingham*, 239 F.3d 1199, 1207 (11th Cir. 2001). As discussed above, McCarroll cannot meet the causal element of that standard because he did not attempt to request leave under the FMLA until after Somerby had made the decision to terminate him. Thus, McCarroll's FMLA retaliation claim fails. *See Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) ("A decision maker cannot have been motivated to retaliate by something unknown to him.").

### b. Interference

For McCarroll's interference claim, the causation problem is not fatal to his prima facie case. That is because "a causal nexus is not an element of an interference claim" under the FMLA. *Spakes v. Broward Cnty. Sheriff's Office,* 631 F.3d 1307, 1309 (11th Cir. 2011). But that does not mean the question of causation does not pose a fatal problem to McCarroll's

interference claim, for in such cases, "the employer can raise the lack of causation as an affirmative defense." *Id.* So if Somerby can demonstrate "that it would have discharged [McCarroll] for a reason wholly unrelated to the FMLA leave, [it] is not liable under the FMLA." *Id.* at 1310 (quotations omitted).

Somerby meets that burden. As discussed above, Somerby decided to terminate McCarroll before it knew he would ask for a medical leave of absence. The timing of that decision proves that McCarroll's request for leave played no part in it. As a result, Somerby cannot be liable for FMLA interference because it decided to fire McCarroll for a reason "wholly unrelated to" his request for leave. *Id.*

### B.  Somerby's Motions to Strike

Because the disposition of Somerby's motions to strike would have no effect on the court's decision to grant Somerby's motion for summary judgment, they are moot.

### C.  McCarroll's Motion for Summary Judgment

Because Somerby's motion for summary judgment against McCarroll is due to be granted on all counts, McCarroll's opposing motion for summary judgment is necessarily due to be denied.

### D.  McCarroll's Motion to Amend his Complaint

Although McCarroll has filed a motion to amend his complaint, it seems that most of the claims he seeks to add are simply reiterations of the

claims already included in his complaint. (*See* Doc. 40 at 1 (seeking leave to amend the initial pleadings to show causes of action under the ADA and the FMLA). The only hint that McCarroll actually seeks to add a new claim is a reference to Title VII of the Civil Rights Act of 1964. (Doc. 40 at 2.) But McCarroll has filed nothing to suggest he has evidence, or even allegations, to support any claims under that statute. And even if he had, he has not shown good cause for his failure to file his motion to amend before the deadline set in the scheduling order. (*See* Doc. 19 ¶ 4 ("The parties must file any motions for leave to amend the pleadings and to join other parties no later than May 31, 2013.")); *see also* Fed. R. Civ. P. 16(b)(4) (noting that modification of a scheduling order's deadlines requires a showing of good cause); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). Accordingly, McCarroll's motion to amend is due to be denied as futile and untimely.

## V. CONCLUSION

It is therefore **ORDERED** as follows:

(1) Somerby's motion for summary judgment (Doc. 32) is **GRANTED**;

(2) McCarroll's motion for summary judgment (Doc. 36) is **DENIED**;

(3) McCarroll's motion to amend his complaint (Doc. 40) is

**DENIED**;

(4) Somerby's motions to strike (Docs. 39, 46) are **MOOT.**

**DONE** and **ORDERED** this 6th day of February, 2014.

                                         /s/ Callie V. S. Granade
                                         UNITED STATES DISTRICT JUDGE