IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY MCCARROLL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-0709-CG-M |
| | ) |
| SOMERBY OF MOBILE, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On February 6, 2014, this Court granted a motion for summary judgment against Plaintiff Anthony McCarroll (Doc. 50) and entered a final judgment. (Doc. 51). About one month later, McCarroll filed a notice of appeal. (Doc. 59). On April 16, 2014, McCarroll filed a motion to challenge certain federal statutes pursuant to Federal Rule of Civil Procedure 5.1. (Doc. 67). Because McCarroll filed his motion challenging the federal statutes after he filed his notice of appeal, the Court lacked authority to consider the motion at that time. United States v. Tovar–Rico, 61 F.3d 1529, 1532 (11th Cir. 1995) ("The filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal."). On December 12, 2014, the Eleventh Circuit affirmed the judgment of this Court (Doc. 75), and issued the mandate on January 12, 2015 (Doc. 76).  As a result, this Court may now consider the Rule 5.1 motion challenging the federal statutes. (Doc. 67).

"Federal Rule of Civil Procedure 5.1 requires a party contesting the constitutionality of a federal statute to serve the Attorney General of the United States with notice of the action." Okla. ex rel Edmondson v. Pope, 516 F.3d 1214, 1215 (10th Cir. 2008). Additionally, Rule 5.1(b) reminds the Court that it has an independent duty to certify constitutional challenges to the Attorney General under 28 U.S.C. § 2403. Section 2403(a) provides that whenever "the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence ... and for argument on the question of constitutionality."

The federal statutes at issue here are the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").[1] (Doc. 67, p. 1). Although McCaroll filed his motion pursuant to Rule 5.1, he does not challenge their constitutionality. Rather, he filed the "motion and notice so that the Attorney General is able to determine whether to seek intervention" to assert McCarroll's constitutional rights. (Doc. 67, p. 1). McCarroll claims he is a "Constitutional[ly] protected individual who required medical leave for a serious mental condition under the laws and statutes of the [ADA] and [FMLA]." (Doc. 67, p. 2). Thus McCarroll seeks protection pursuant to the ADA and FMLA. McCarroll does not contend that the ADA and FMLA are unconstitutional.

---

[1] The ADA is codified at 42 U.S.C. §§ 12101 - 213. The FMLA is codified at 29 U.S.C. §§ 2601 - 54.

McCarroll further argues he can prove he is eligible for FMLA leave, and he is disabled within the meaning of the ADA. (Doc. 67, pp. 1 – 2). McCaroll, however, previously raised these FMLA and ADA issues and lost at the summary judgment stage. (Doc. 50, pp. 3 – 9). McCaroll then appealed this Court's ruling, and lost on appeal. (Doc. 75). McCarroll is now attempting to use his Rule 5.1 motion to have the Attorney General intervene on his behalf and challenge the ruling of this Court and the termination of his employment. (Doc. 67, p. 1). Rule 5.1, however, is limited to determining whether statutes are constitutional; it is not a mechanism for having the Attorney General assert claims on a plaintiff's behalf or re-litigate a case that has already been decided on the merits.

Because the Rule 5.1 motion does not challenge the constitutionality of the ADA or FMLA, it is **ORDERED** that the motion (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** this 12th day of January, 2015.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE